UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESSICA NAPOLITANO, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>-against-<br><br>TRANSWORLD SYSTEMS, INC. and JOHN DOES 1-25,<br><br>Defendants. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, JESSICA NAPOLITANO (hereinafter, "Plaintiff"), a New Jersey resident, brings this complaint by and through her attorneys, Marcus & Zelman, LLC, against Defendant TRANSWORLD SYSTEMS, INC. and JOHN DOE (1-25) (hereinafter "TSI" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

2. The Court also has supplemental jurisdiction under 28 U.S.C. §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

**PARTIES**

4. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

5. Plaintiff is the "called party" with respect to the calls placed on her cellular telephone number (732) 965-4953.

6. Plaintiff is the sole subscriber of the cellular phone account bearing the phone number of (732) 965-4953, and has been the sole subscriber of that account at all times relevant hereto.

7. Plaintiff is the sole party financially responsible for the payment of the cellular phone account bearing the phone number of (732) 965-4953, and has been the sole party financially responsible for that account at all times relevant hereto.

8. Plaintiff is the customary and sole user of the cellular phone number (732) 965-4953, and has been the customary and sole user of that phone number at all times relevant hereto.

9. Defendant TSI is a Pennsylvania Corporation with its principal place of business at 507 Prudential Road, Horsham, PA 19044.

10. Defendant is a debt collector as defined by 15 U.S.C. §1692(a)(6).

11. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## NATURE OF THE ACTION

12. Plaintiff brings this action individually seeking redress for Defendant's actions which violate the Telephone Consumer Protection Act, 47 U.S.C. §227 (hereinafter "TCPA").

13. The TCPA prohibits calling a cellular telephone with an automatic telephone dialing system without the prior express consent of the called party.

14. The regulations under the TCPA further prohibit calling a cellular telephone with an automatic telephone dialing system after prior express consent was revoked.

15. Section 47 U.S.C. §227(b) of the TCPA provides "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States…to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to  . . . .any telephone number assigned to a paging service, cellular telephone service . . . or any service for which the called party is charged for the call;"

16. Upon information and belief, the Defendant has recently called the Plaintiff's cell phone in violation of the TCPA over fifty (50) times.

17. Plaintiff further brings this class action on behalf of a class of New Jersey consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

18. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

19. Plaintiff is seeking damages, and declaratory and injunctive relief.

## ALLEGATIONS OF FACT

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to November 25, 2014, an obligation was allegedly incurred to Anoop

Porwal MD (hereinafter "APMD").

22. The APMD obligation arose out of a medical transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23. The alleged APMD obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. APMD is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. Defendant contends that the APMD debt is past due.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

27. APMD directly or through an intermediary contracted Defendant to collect the APMD debt.

28. On or about November 25, 2014, the Defendant caused to be delivered to the Plaintiff a collection letter ("Letter") in an attempt to collect the alleged APMD debt. *See* **Exhibit A.**

29. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

30. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

31. The Letter states in part that the current balance due is $2,670.73. The Letter does not state that the balance may increase due to interest or other charges accruing.

32. Courts in this district have consistently held that a collection letter is deceptive if it does not explain that interest would continue to accrue on the unpaid balance, as it would leave the least sophisticated consumer to read the letter to mean "interest was calculated on the

date the letter was written"; or "that the stated interest balance was static, and that payment of that amount, plus the principal balance, would satisfy the debt in full irrespective of when the payment was made." See *Smith v. Lyons, Doughty & Veldhuius, P.C.* No. 07–5139, 2008 WL 2885887 at *7 (D.N.J. July 23, 2008).

33. On or about November 05, 2015, Plaintiff's attorney was informed that her current balance was now $2,880.60 as her account was accruing six percent (6%) interest per New Jersey state law.

34. When Plaintiff's attorney requested proof that interest can be added to the balance, he was informed that TSI does not have any documentation from the original creditor to validate the debt.

35. Upon information and belief, Defendant had no legal or contractual right to charge six percent interest to the alleged debt.

36. Beginning around January of 2015 to present, Plaintiff has received over fifty calls from the Defendant to her cell phone number of (732) 965-4953 from several phone numbers including (973) 718-9744, which phone numbers belongs to Defendant.

37. Plaintiff confirmed these phone numbers as belonging to the Defendant by calling the above phone number and being greeted by a an automated message stating:
Thank you for calling Transworld Incorporated….

38. When Plaintiff answered a call from the Defendant, she would be prompted by a machine to stay on hold until a live representative got on.

39. In addition, the Defendant left multiple voicemails on Plaintiff's answering machine that were one second in length, which is indicative of autodialer usage. See **Exhibit B.**

40. The telephone calls at issue were placed by Defendant using an automated telephone

dialing system (hereafter "ATDS") in violation of the TCPA and New Jersey Consumer Fraud Act.

41. The ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

42. Defendant initiated each of the calls at issue to Plaintiff's cellular telephone without the prior express consent of Plaintiff.

43. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

44. Plaintiff has suffered actual damages because the Defendant's calls to her cell phone unnecessarily reduced the number of minutes she is allotted per month in his cell phone plan, which has limited minutes as a part of his cellular rate plan.

## CLASS ALLEGATION

45. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    a. All New Jersey consumers who received a collection letter from the Defendant, similar to the collection letter annexed hereto as Exhibit A, that contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq.*.

    b. The Class period begins one year to the filing of this Action.

46. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or voicemails from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy) and a standard voicemail that is left on hundreds of persons voicemail system;
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA;
    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;
    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.
- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

## COUNT I

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47  U.S.C. § 227 *ET SEQ.***

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

49. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227 *ET SEQ.***

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

53. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. §1692e *et seq.***

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated section 15 USC § 1692e of the FDCPA.

57. Pursuant to 15 USC §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58. Defendant violated said section by misrepresenting the character, amount or legal status of a debt by failing to disclose in their collection letter that the alleged debt was accruing interest in violation of 15 U.S.C. §1692e(2)(A).

59. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

60. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15  U.S.C. §1692f *et seq.***

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated section 15 USC § 1692f of the FDCPA.

63. Pursuant to 15 USC §1692f(1), a debt collector may not charge any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

64. Defendant violated said section by charging an interest rate that was not expressly

authorized by the agreement creating the debt of permitted by law.

65. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

66. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

a. On the First Count for Negligent Violations of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper; and

b. On the Second Count for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and any other relief the Court may deem just and proper.

c. On the Third and Fourth Count, for violations of the FDCA, 15 USC 1692 *et seq.*, Plaintiff demands judgment (i) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Ari Marcus, Esq. and Yitzchak Zelman, Esq., as Class Counsel; (ii) Awarding Plaintiff and the Class

statutory damages; (iii) Awarding Plaintiff and the Class actual damages; (iv) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; (v) Awarding pre-judgment interest and post-judgment interest; and (vi) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Dated: November 24, 2015

*s/ Ari H. Marcus, Esq.*
Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Telephone: (732) 695-3282
Facsimile: (732) 298-6256
*Attorneys for Plaintiff*

*/s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in

controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: November 24, 2015

                                        */s/ Ari Marcus*
                                        Ari Marcus, Esq.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

                                        */s/ Ari Marcus*
                                        Ari Marcus, Esq.