UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JESSICA NAPOLITANO,**<br><br>Plaintiff,<br><br>v.<br><br>**TRANSWORLD SYSTEMS, INC.,** *et al.***,**<br><br>Defendants. | Civil Action No. 15-8287 (MAS)(LHG)<br><br><br><br>**PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court on **March 16, 2016** for an Initial Conference pursuant to Fed. R. Civ. P. 16; Ari Marcus, Esq., of Marcus Zelman, LLC, appearing on behalf of Plaintiff; Ross Enders, Esq., of Sessions Fishman Nathan & Israel, LLC, appearing on behalf of Defendants; and the Court having set certain deadlines during the conference with the participation of counsel; and for good cause shown,

**IT IS** on this **22nd** day of **March, 2016,**

**ORDERED** that the parties are to serve their Initial Disclosures under Rule 26 by no later than **March 18, 2016**; and it is further

**ORDERED** that any motion to amend the pleadings or join new parties must be with leave of Court and filed no later than **May 13, 2016**, and made returnable by **June 6, 2016**; and it is further

**ORDERED** that fact discovery is to remain open through **June 30, 2016.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown; and it is further

**ORDERED** that any motions seeking class certification and any dispositive motions may be filed by no later than **July 22, 2016,** made returnable **August 15, 2016**. Counsel are to notify Chambers within five days of a decision on any dispositive motions if the decision does not resolve all issues in the case; and it is further

**ORDERED** that counsel will confer in an attempt to resolve any discovery or case management disputes before making such dispute the subject of an application to the Court. Any such dispute shall be brought to the Court's attention by letter, no more than five pages in total,

setting forth the nature of the dispute and any efforts to resolve it. Any response shall be similarly limited to five pages in total and shall be submitted within forty-eight hours of the initial letter. **No discovery motion or motion for leave to amend will be entertained absent leave of Court and counsel's full compliance with L. Civ. R. 37.1(a)(1);** *see also* **L. Civ. R. 16.1(f)**; and it is further

**ORDERED** that a Settlement Conference will be conducted by the undersigned, at the Clarkson S. Fisher United States Courthouse, Trenton, New Jersey on **July 6, 2016 at 10:00 a.m. Counsel and parties with full authority to settle the case are to be present.** Any failure in this regard shall result in the imposition of sanctions; and it is further

**ORDERED** that five days before the Settlement Conference, each party is to submit to Chambers a confidential letter, on an *ex parte* basis, not to exceed five pages in total, summarizing the relevant facts, the respective legal positions, the status of the case, and the party's position of settlement, including any settlement discussions that have taken place in anticipation of the Settlement Conference; and it is further

**ORDERED** that a telephone status conference will be held before the undersigned on **June 14, 2016 at 9:30 a.m.** Ross Enders, Esq., is to initiate the call; and it is further

**ORDERED** that a date for the final pretrial conference will be set at a later date; and it is further

**ORDERED** that counsel are further directed to meet together by agreement, initiated by Defendants' counsel no later than twenty days before the date of the pretrial conference to:

    a.    discuss settlement;

    b.    stipulate to as many facts and issues as possible;

    c.    prepare a Final Pretrial Order in the form and content as required by the Court. Plaintiff's counsel will prepare the Final Pretrial Order and will submit it to all other counsel for approval and execution. Counsel are responsible for the timely submission of the Final Pretrial Stipulation and Order;

    d.    examine all exhibits and documents proposed to be used at trial;

    e.    complete all other matters which may expedite both the pretrial and trial of the case.

**ORDERED** that appropriate markers shall be affixed to the exhibits at or prior to the time they are shown to opposing counsel at the meeting of counsel referred to above, and each marker will bear the number of the exhibit to which it is affixed; and it is further

**ORDERED** that at the pretrial conference counsel should be prepared to discuss settlement of the case. Clients must be available by telephone; and it is further

**ORDERED** that since all dates set forth herein are established with the assistance and knowledge of the parties, there will be no extensions except for good cause shown and by leave of Court, even with consent of all parties; and it is further

**ORDERED** that the Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of counsel; and it is further

**ORDERED** that failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions; and it is further

**ORDERED** that any proposed confidentiality order agreed to by the parties must be accompanied by a separate statement showing specific good cause for the entry of the order. *See Panzy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (1995); Fed. R. Civ. P. 26(c); and L. Civ. R. 5.3; and it is further

**ORDERED** that the parties are advised that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar. This equipment includes an evidence presentation system, which consists of a document camera and a projector. The projector may be used to display images which originate from a variety of sources, including television, VCR and personal computer. The document camera may be used to display documents, photographs, charts, transparencies and small objects. For further information, please contact the Courtroom Deputy Ivannya Jimenez at 609-989-2114; and it is further

**ORDERED** that counsel are invited to use the George H. Barlow Attorney Conference Room located on the third floor of the Courthouse Annex. The room is equipped with telephones, laptop access/printer, copier and fax.

_____
**LOIS H. GOODMAN**
**United States Magistrate Judge**

3